# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 21, 2017
No. 16-72v

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MANDY WARD, | * | |
| | * | UNPUBLISHED OPINION |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Maximilian J. Muller</u>, Muller Brazil, LLP, Dresher, PA for petitioner.
<u>Lisa Ann Watts</u>, U.S. Department of Justice, Washington, DC for respondent.

**<u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]**

On January 13, 2016, Mandy Ward ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ("flu") vaccine administered on November 14, 2014, she developed a right frozen shoulder, neuropathy, and rheumatoid arthritis. Stipulation at ¶¶ 2, 4. On October 31, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 87.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On February 7, 2017, petitioner filed a motion for attorneys' fees and costs.  ECF No. 29.  Petitioner requests attorneys' fees in the amount of $15,301.50 and attorneys' costs in the amount of $1,085.55, for a total amount of $16,401.05.  On February 20, 2017, petitioner filed her signed statement that she did not incur any costs related to the prosecution of this claim, consistent with General Order #9.  ECF No. 34.

On February 13, 2017, respondent filed a response to petitioner's motion.  ECF No. 33.  Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. §§ 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable.  Petitioner's counsel submitted receipts for his costs, which the undersigned has also reviewed and finds reasonable.  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

1) **A lump sum in the amount of 16,401.05, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Ms. Mandy Ward and her counsel, Maximilian J. Muller of Muller Brazil LLP.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.